[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The above matter was tried to the Court over the course of three days followed by closing argument on February 15, 2002. Subsequent thereto, the parties agreed to reopen the evidence for purposes of argument regarding whether or not the provisions of P.A. 02-128, which became law subsequent to the close of evidence, have any application to this case. Potentially affected by this issue are the three minor children of the marriage ranging in age from six to sixteen. In brief, that act gives the Court authority at the time of the final decree to enter an "educational support order" (defined therein) for a post-majority-age child, or in the alternative, to reserve jurisdiction to do so in the future.
By way of her Memorandum of Law dated June 13, 2002, the wife seeks either an educational support order, or in the alternative, to keep the evidence open until October 1, 2002, the effective date of the act, so as to introduce additional evidence. On the other hand, the husband, through his Memorandum of Law dated June 13, 2002, argues that the law is by its terms to be applied prospectively, and that to keep the evidence open for that purpose would be inequitable to the husband against whom the order is sought.
The Court having heard the argument of the parties, reviewed Public Act 02-128 and its Legislative History, and in light of General Statutes § 55-3, finds as follows:
1. That the clear and unequivocal language of the statute provides that it is to be effective October 1, 2002; and that there is no latent ambiguity therein. CT Page 10790
 2. That the obligation a parent, absent agreement, to pay for a four-year, post high school degree (i.e. "educational support order") has not been previously contained in the General Statutes of Connecticut and therefore, P.A. 02-128
imposes a new obligation on a party to an action, and is, accordingly, to be given prospective effect.
 General Statutes § 55-3.
 3. That the Legislative History demonstrates the clear intent of the Legislature to apply the law prospectively as evidenced by the remarks of Representatives Fox and Feltman on March 4, 2002;[1] Representative Powers on April 26, 2002;[2] and Senator Coleman on May 8, 2002.[3]
 4. That to hold the evidence open until after October 1, 2002, in order to permit the plaintiff to offer additional evidence so as to apply the P.A. 02-128 to this case would be inequitable and inappropriate, fly in the face of the clear legislative mandate, and would, in the words of the Connecticut Supreme Court, constitute an "end run" around the meaning and intent of the statute. Darak v. Darak, 210 Conn. 462, 467-471 (1989).
For the foregoing reasons, the plaintiff's Motion to Reopen the Evidence to take additional testimony and evidence is HEREBY DENIED.
THE COURT
 ________________ SHAY, J.